IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APD TECH, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-0895 |
| | § | |
| EMERITUS EQUITY HOLDINGS, LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION GRANTING MOTION TO STRIKE**

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion to Strike Defendants' Answers (Document No. 122), in which Plaintiffs seek an Order striking the Answers of Defendants Donald Kelly (Document No. 114), Lynn Kelly (Document No. 115) and David Anchim (Document No. 119), on the basis that the Answers are untimely and come several months after the Clerk entered defaults against Defendants Donald Kelly, Lynn Kelly and David Anchim. Each of those Defendants has filed, in response to Plaintiffs' Motion to Strike, "Motions for Denial of Motion to Strike Defendants' Answers" (Document Nos. 123, 124 and 125).

Having considered the motions, the Clerk's February 28, 2017, Entry of Default (Document No. 112), and the absence of any Motion or request by Defendants Donald Kelly, Lynn Kelly or David Anchim to set aside the Clerk's Entry of Default, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion to Strike Defendants' Answers (Document No. 122) be GRANTED and Defendants Donald Kelly, Lynn Kelly and David Anchim's "Motions for Denial of Motions to Strike Defendants' Answers" (Document No. 123, 124 and 125) all be DENIED.

This case was initially filed in the Southern District of Florida. By Order entered on March 30, 2016, it was transferred to this District. Following the transfer, Plaintiffs filed, on August 23, 2016, a Request for Entry of Default against Defendants Emeritus Equity Holdings, LLC, Inovacor, LLC, Inovacor ICS, LLC, Wolf Creek Capital Management Co, LLC, Ronald F. Bearden, Donald H. Kelly, Lynn E. Kelly, David Anchim and John Sweeney (Document No. 86), based on their failure to file Answers or other responsive pleadings. On October 18, 2016, a Rule 16 Scheduling Conference was held. Defendants Ron Bearden, Donald Kelly, and David Anchim appeared at the Scheduling Conference despite not having filed any responsive pleadings. They were advised, at that Scheduling Conference, of their need to file responsive pleadings, and advised that the corporate Defendants could not be represented by any of the Individual Defendants – none of whom are licensed attorneys. Answers were then filed by Defendants Emeritus Equity Holdings, LLC and Ron Bearden (Document Nos. 94 & 95), but not by any of the other Defendants. Instead, Defendants Lynn Kelly, Donald Kelly, Inovacor, LLC, John Sweeney, Wolf Creek Capital Management Co., LLC, Inovacor ICS, LLC, and David Anchim each filed an "Opposition" to Plaintiffs' Request for Entry of Default" (Document Nos. 99, 100, 101, 102, 103, 104, and 105), but none filed a responsive pleading. And, because the "Oppositions" filed by Inovacor, LLC, Wolf Creek Capital Management Co., LLC, Inovacor ICS, LLC, were not filed by counsel for those corporate Defendants, the Oppositions of Defendants Inovacor, LLC, Wolf Creek Capital Management Co., LLC, and Inovacor ICS, LLC were stricken upon Plaintiffs' motion. *See* January 9, 2017 Order Granting Motion to Strike (Document No. 111).

On February 28, 2017, a Clerk's Entry of Default was filed, entering a Default against Defendants Inovacor, LLC, Inovacor ICS, LLC, Wolf Creek Capital Management Co, LLC, Donald

Kelly, Lynn Kelly, David Anchim and John Sweeney (Document No. 112). Plaintiffs then filed a Motion for Default Judgment against those Defendants (Document No. 113), which remains pending. Twenty-one days after Plaintiffs filed their Motion for Default Judgment, Defendants Donald Kelly, Lynn Kelly and David Anchim filed their respective Answer(s) to Complaint and Affirmative Defenses (Document Nos. 114, 115, and 119). They did not, and have not to this date, acknowledged the Clerk's Entry of Default, or asked that it be set aside. Plaintiffs seek to strike Defendants' untimely and improperly filed Answers on that basis.

Under FED. R. CIV. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This is what happened in this case. *See* Clerk's Entry of Default (Document No. 112). Defendants' recourse, if any, is to seek to set aside the entry of default under Rule 55(c), which provides, "The court may set aside an entry of default for good cause". Nothing in Rule 55 allows Defendants, like Defendants Donald Kelly, Lynn Kelly and David Anchim in this case, to circumvent that rule and file untimely Answers in order to stave off a Default Judgment. The untimely Answers filed Defendants Donald Kelly, Lynn Kelly and David Anchim are therefore improper, *J&J Sports Productions v. Kuo*, No. EP-07-CA-075-FM, 2007 WL 4116209 at *2 (W.D. Tex. Nov. 15, 2007) ("Once the Clerk enters a default against a defendant pursuant to Federal Rule of Civil Procedure 55(a), that entry cuts off the defendant's right to file any document other than a motion to set aside the entry of default, pursuant to Federal Rule of Civil Procedure 55(c)."), and should be stricken. Accordingly, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion to Strike Defendants' Answers (Document No. 122) be GRANTED and the Answers of Defendants Donald Kelly (Document No. 114), Lynn Kelly

(Document No. 115) and David Anchim (Document No. 119) all be STRICKEN. The Magistrate Judge further

RECOMMENDS that Defendants Donald Kelly, Lynn Kelly and David Anchim's Motions for Denial of Motion to Strike Defendants' Answers" (Document Nos. 123, 124 and 125) all be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8th day of August, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE